S90A0813. DOHN v. DOHN.
(397 SE2d 429)

HUNT, Justice.

We granted this discretionary application to review the trial court's construction of a child support provision which was part of a settlement agreement incorporated into the parties' divorce decree. The paragraph in question provides:

> The Husband shall provide the Wife with a charge card to be used only to purchase reasonable and necessary clothes, shoes, and school related items for the children. The Hus-

band shall pay the charges promptly. The credit limit shall be Two Thousand Dollars ($2,000.00) and the Wife shall not charge over Six Hundred Dollars ($600.00) in a thirty-day (30) period. The Husband shall be responsible for reasonable and necessary expenses for haircuts. The Husband's obligation under this subparagraph shall continue until each of said children reaches eighteen, [etc.]. The Husband will reimburse the Wife for expenses related to the children which are specified in this sub-paragraph and which cannot be charged on the above-mentioned charge card. The Wife will present receipts to the Husband, and the account will be paid in full on a monthly basis. The Husband shall place in a checking account in the name of the Wife the sum of One Thousand Dollars ($1,000.00). The Wife can use this account to purchase necessaries and other items for the children. The Husband shall maintain the balance at the sum of One Thousand Dollars ($1,000.00).

The trial court held the paragraph limited the monthly support to $600 in charges on the credit card, in cash for reimbursement by the husband, or in drafts against the checking account and refused to hold the husband in contempt. The court disagreed with the wife's argument that she was entitled to the use of unstated amounts which could be drawn from a checking account in which the husband would deposit up to $1,000 so often as was necessary to maintain a balance of $1,000.

The paragraph, as we read it, is hopelessly ambiguous; it is incapable of coherent construction. It is thus unenforceable.

The trial court reached its interpretation in the belief that the provision limiting the credit card use to $600 per month for clothing and school items for the children would be rendered meaningless if money from another source were available for the use of the children. We do not agree. There are many possible reasons for limiting use of a credit card while making money available from some other source (in this case the checking account). In fact, the trial court's interpretation renders the provision regarding the checking account meaningless. On the other hand, the wife's position on the checking account provides no reasonable explanation of the parties intent and in fact demonstrates a lack of any meeting of their minds with respect to this additional source of support.[1]

---

[1] Her testimony would be fairly paraphrased by saying that whenever the account is depleted Dr. Dohn would be obligated to restore it to $1,000, and that her use of it would not be limited to $1,000 or any other amount during a 30-day period. In fact, the amount she could draw from the account would be limited only by her good judgment.

Therefore, the trial court's judgment as to construction of this paragraph must be reversed. Its refusal to find the husband in contempt was, however, appropriate.

Dr. Dohn's duty to provide periodic support for the children, while not governed by this paragraph, remains nonetheless. If the parties cannot agree on a resolution, either would be at liberty to seek an award at the hands of the trial court, in a separate action.[2]

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED NOVEMBER 7, 1990.

*McCorkle, Pedigo, Hunter & Johnson, David H. Johnson,* for appellant.

*Dickey, Whelchel, Brown & Readdick, Terry L. Readdick, Amanda F. Williams,* for appellee.

---

[2] Assuming Mrs. Dohn still has custody, the action, presumably, would be hers and perhaps could be filed as an amendment to her pending action for modification. This decision does not affect the validity of the remaining provisions of the agreement, and the existence of those other provisions would, no doubt, be relevant to a determination of periodic support for the children during their minority.